IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 cr 64-8

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KEVIN LAMONT LOGAN. | ) | |
| | ) | |

**THIS MATTER** came on to be heard before the undersigned pursuant to a letter (#342) written by Defendant to the Court which the undersigned has considered as a motion for substitution of counsel. At the call of this matter on for hearing it appeared that Defendant was present with his attorney David Belser, and the Government was present through AUSA John Pritchard. From the statements of Defendant as shall appear on the sealed record, and the arguments of Mr. Belser and Mr. Pritchard, the undersigned makes the following findings.

**Findings.** At the call of this matter on for hearing, the undersigned presented the issue of whether or not, during the hearing of the motion, there could possibly be disclosed confidential communications between Defendant and his counsel. The undersigned indicated there was a high likelihood that such communications could be disclosed and it was the intent of the Court to conduct a sealed proceeding so the Court could make inquiry of Defendant to determine the reasons why Defendant had

1

filed his motion for substitution of counsel without disclosing any attorney/client privileged communications between Defendant and his counsel. Mr. Pritchard stated he had no objection and the Court then excluded the public and Mr. Pritchard and conducted a sealed proceeding with Defendant, which shall appear of record.

An examination of the file in this matter shows that Defendant entered a plea of guilty on October 18, 2016 to count one as contained in the bill of indictment, that being a charge that Defendant entered into a conspiracy to distribute cocaine base, in violation of 21 USC § 841(a)(1) and 21 USC § 846. On January 13, 2017, a Presentence Investigation Report (#317) was filed in this matter. On January 19, 2017 Defendant called Mr. Belser's office concerning the Presentence Report and was told that the report had been filed. On January 26, 2017, a copy of the Presentence Report was delivered to Defendant by a deputy at the detention facility where Defendant was held. Mr. Belser did not discuss the Presentence Report with Defendant at that time. By letter dated February 21, 2017, Defendant reported that he had been attempting to contact Mr. Belser and left messages concerning the Presentence Report at Mr. Belser's office but Mr. Belser had not been to see him or go over the report with Defendant. The Defendant stated in his letter that the report had errors contained within it. On February 28, 2017, Mr. Belser's secretary, who the Defendant referred to as "Miss Emma", but whose name may be "Emily", came

to the detention facility to discuss the report with Defendant. Mr. Belser did not discuss the report with Defendant until he met with Defendant at the hearing of Defendant's request for substitution of counsel on March 6, 2017.

The final report (#324) that was filed on January 30, 2017 does contain errors. It appears that the report on page 48 refers to discussing a plea of Defendant to breaking & entering and larceny references a defendant named "McAfee". (¶ 39.) There is an additional reference to a person named "McAfee" on page 57 in paragraph 75. Defendant argued to the Court there are errors in regard to the calculation of his criminal history computation.

The sentencing hearing in this matter has not been scheduled.

**Discussion.** An indigent Defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. US v. Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not a motion for substitution of counsel should be granted is within the discretion of the trial court and the Court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v. Slappy, 461 U.S. 1 (1983). In considering the motion herein, the undersigned has considered the following factors: (1) timeliness of the motion; (2) made an inquiry as to the reasons why the Defendant desires to have a new attorney appointed in this matter; and (3) whether or not there

is such a conflict between the Defendant and Mr. Belser that is so great it has resulted in a total lack of communication preventing an adequate defense. United States v. Gallop, 838 F.2d 105 (4th Cir. 1988).

The request of Defendant has been filed after the filing of the final Presentence Report and shortly before sentencing has been scheduled. The undersigned weighs this factor against granting the motion.

The undersigned in a sealed proceeding, discussed the matter of substitution of counsel with Defendant. That discussion shall appear of record. As a result of that discussion, the undersigned finds that Defendant has stated reasonable concerns concerning the representation in this matter and the undersigned weighs that factor in favor of granting the motion.

The undersigned has further attempted to determine whether or not there is such a conflict between the Defendant and Mr. Belser that is so great it is resulting in a total lack of communication preventing an adequate defense. The undersigned also weighs that factor in favor of granting Defendant's motion.

After considering all of the above referenced factors, it appears there is little time before sentencing within which to appoint other counsel who has knowledge of the case that Mr. Belser possesses. However, as a result of further inquiry, the undersigned finds there is sufficient reason to appoint new counsel to represent the

Defendant as there does appear to be a lack of communication between Mr. Belser and the Defendant that could prevent an adequate defense.

Based upon the foregoing, the undersigned has determined to enter an Order allowing the motion for substitution of counsel and will order that counsel be appointed in place and instead of Mr. Belser to represent Defendant in this matter.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the letter (#342) of the Defendant, which the Court has considered as a motion for substitution of counsel, is **ALLOWED**. It is further **ORDERED** that the Federal Defenders of the Western District of North Carolina are directed to appoint a new attorney to represent Defendant in this matter. It is further **ORDERED** that Mr. Belser, as expeditiously as possible, provide all discovery and documents and any other materials that Mr. Belser has obtained during his representation of this matter to the newly appointed substitute counsel so new counsel can be prepared for sentencing or other motions in this matter.

Signed: March 7, 2017

Dennis L. Howell
United States Magistrate Judge