THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00064-MR-WCM-8

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KEVIN LAMONT LOGAN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for the appointment of counsel [Doc. 619].

In June 2017, the Defendant Kevin Lamont Logan was convicted of one count of conspiracy to distribute and to possess with intent to distribute an amount of cocaine base. [Doc. 423]. The Court sentenced him to a term of 84 months' imprisonment to be followed by four years of supervised release. [Id.]. The Defendant began his term of supervised release on May 20, 2021. On March 24, 2022, the Defendant's term of supervised release was revoked, and he was sentenced to eight months' imprisonment and 36 months of supervised release. [Doc. 616].

In his letter, the Defendant requests the appointment of counsel to represent him in connection with filing a motion for the early termination of his supervised release. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Therefore, if the Defendant wishes to file a motion for early termination, he must do so *pro se*.[1]

---

[1] The Court notes that the Defendant must serve at least one year of supervised release before termination can be granted. See 18 U.S.C. § 3583(e)(1).

2

Case 1:16-cr-00064-MR-WCM   Document 620   Filed 04/21/22   Page 2 of 3

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for the appointment of counsel [Doc. 619], is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 21, 2022

Martin Reidinger
Chief United States District Judge